NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0496n.06

No. 18-1151

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Oct 04, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| CHARLES MASON, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| Defendant-Appellant. | ) | DISTRICT OF MICHIGAN |

Before: SILER and KETHLEDGE, Circuit Judges; and OLIVER, District Judge.[*]

KETHLEDGE, Circuit Judge. Charles Mason pled guilty to nine felony counts related to an extensive credit-card fraud and identity-theft scheme. In a written plea agreement, Mason and the government stipulated that the Guidelines range for these offenses was 145-175 months' imprisonment. Mason also agreed to waive his right to appeal his sentence, so long as the sentence imposed did not exceed 175 months. At his sentencing hearing, Mason nevertheless made numerous objections to the parties' agreed-upon Guidelines calculation. The district court overruled those objections, but imposed a 126-month sentence—below the agreed-upon range. Mason now appeals that sentence, again challenging the Guidelines calculation in his plea agreement.

---

[*] The Honorable Judge Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

What Mason omits to say, anywhere in his opening (and only) brief on appeal, is that he waived his right to appeal his sentence. An unsuspecting reader—such as a judge of this court—could thus take the time to read all of Mason's brief, and to consider at least preliminarily the arguments raised there, without realizing that Mason quite likely has waived all of them.

And indeed he has. A defendant may waive his right to appeal a conviction or sentence. *See United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012). We will enforce a waiver that was knowing and voluntary. *Id.* Here, Mason agreed not to appeal his sentence if it did not exceed 175 months, which obviously it did not. And Mason offers no reason to doubt that his waiver was knowing and voluntary. Indeed, when the government raised the issue of waiver on appeal, Mason neglected to respond or even to file a reply brief. In a civil case, this conduct would be grounds for sanctions. *See* Fed. R. App. P. 38.

We enforce Mason's waiver and dismiss this appeal.